FILED

DEC 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50091 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-02829-BEN |
| v. | |
| JUAN VICTOR RUBIO-SANCHEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted December 9, 2015[**]

Before:    WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Juan Victor Rubio-Sanchez appeals from the district court's judgment and challenges the 24-month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Rubio-Sanchez first contends that the district court procedurally erred by placing undue emphasis on the length of his prior illegal reentry sentence, and by imposing an upward variance under 18 U.S.C. § 3553(a), rather than departures tethered to the Guidelines. We review for plain error, *see United States v. Valencia-Barragan,* 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. Rubio-Sanchez's failure to be deterred by his previous 24-month sentence was a relevant sentencing consideration. *See* 18 U.S.C. § 3553(a)(2)(B). Moreover, the record does not support Rubio-Sanchez's contention that the district court failed to consider the other statutory sentencing factors and his mitigating arguments. Finally, the court's decision to impose an upward variance rather than specific Guidelines departures was not improper. *See United States v. Booker*, 543 U.S. 220, 245 (2005). Contrary to Rubio-Sanchez's argument, the record makes clear the basis for the variance, permitting meaningful appellate review.

Rubio-Sanchez further contends that the above-Guidelines sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the section 3553(a) factors and the totality of the circumstances, including Rubio-Sanchez's criminal record, immigration history, and failure to be deterred by prior sentences. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**